[22 NE3d 1008, 998 NYS2d 140]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MOORE, Appellant.

Decided October 23, 2014

## APPEARANCES OF COUNSEL

*Seymour W. James, Jr., The Legal Aid Society, Criminal Appeals Bureau*, New York City (*Kristina Schwarz* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Yuval Simchi-Levi* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Term should be reversed, defendant's guilty plea vacated and the accusatory instrument dismissed. Defendant was charged with four counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). At arraignment, there was a brief discussion between defense counsel, the assistant district attorney and the court concerning the terms of a disposition, which then lead to defendant's plea and sentencing on the controlled substance counts. The court did not address defendant and defendant did not speak; nor was defendant advised of any constitutional rights he was waiving. Defendant now claims his constitutional rights were violated because the record fails to establish his plea was knowing, voluntary and intelligent.

In *People v Tyrell*, we held that "[p]resuming waiver from a silent record is impermissible. The record must show, or there

must be an allegation and evidence which show, that an accused intelligently and understandingly rejected his constitutional rights. Anything less is not waiver" (22 NY3d 359, 365-366 [2013] [citation and internal quotation marks omitted]). The People concede that under *Tyrell* defendant's plea must be vacated and, as defendant has completed his sentence, remittal is unnecessary (*see id.* at 366).

Chief Judge Lippman and Judges Graffeo, Read, Smith, Pigott, Rivera and Abdus-Salaam concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, plea vacated and the accusatory instrument dismissed, in a memorandum.